IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JANINE LABORDE,<br><br>    Plaintiff<br><br>    v.<br><br>JAIME RIVERA-DUEÑO, et al.,<br><br>    Defendants | CIVIL NO. 09-1368 (JP) |

**OPINION AND ORDER**

Before the Court is a motion for reconsideration filed by Defendant Jaime Rivera-Dueño ("Rivera") (**No. 17**). For the reasons herein, Defendant's motion for reconsideration is hereby **GRANTED**.

By way of background, on March 31, 2010, this Court entered an opinion and order granting in part and denying in part Defendant Rivera's motion to dismiss (No. 15) and entered a partial judgment dismissing with prejudice Plaintiff's Fifth Amendment claims against Defendant and all claims for damages against Defendant Rivera in his official capacity (No. 16). The Court did not dismiss Plaintiff's claims pursuant to the Fourteenth Amendment Due Process clause and the anti-retaliation provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), or Plaintiff's supplemental Puerto Rico law claims. Those remaining claims are alleged against Defendant Rivera in his individual and official capacity. However, potential relief

CIVIL NO. 09-1368 (JP)          -2-

under the official capacity claims is limited to prospective injunctive relief.  In his motion for reconsideration, Defendant Rivera argues that the Court should have also dismissed Plaintiff's claims against Defendant Rivera brought pursuant to the FCA because there is no individual liability under the anti-retaliation provisions of the FCA.

In its Opinion and Order, the Court determined that, in the absence of specific First Circuit guidance holding that individual liability does not exist in FCA anti-retaliation claims and in light of the fact that the persuasive authority on the issue relies upon an outdated version of the statute, Defendant's motion to dismiss the FCA claims on the basis of a proposed rule precluding individual liability must be denied.  The Court cited to the amendment made by Congress in 2009 to § 3730(h), which eliminated the word "employer."

Defendant Rivera, in his motion for reconsideration, now argues that the 2009 amendment to the FCA, which the Court cited to in its Opinion and Order, applies only to conduct occurring after the date of enactment, which is May 20, 2009.  Plaintiff's complaint only alleges conduct up to and including April 2009.  Thus, Defendant argues that the 2009 amendment to § 3730(h) does not apply to the conduct at issue in this case.

After considering Defendant's arguments, the Court agrees that the statute provides an effective date for the 2009 amendment to

CIVIL NO. 09-1368 (JP)            -3-

§ 3730(h) of May 20, 2009 and that the amendment only applies to conduct on or after the date of enactment.[1]  See United States v. Lymphatx, Inc., 596 F.3d 1300, 1304 n. 5 (1st Cir. 2010) (declining to consider the effect of the 2009 amendment on the viability of Plaintiff's claim because the amendment only applies to conduct on or after May 20, 2009).  The Court also agrees that the relevant conduct described in the complaint is alleged to have taken place during or before the month of April 2009.

While the Court based its previous decision to deny Defendant's motion to dismiss Plaintiff's FCA claim against Defendant in his

---

1.   The 2009 Amendment to 31 U.S.C. § 3730(h) was made by the Fraud Enforcement and Recovery Act ("FERA") of 2009.  Pub. L. No. 111-21, § 4(d), 123 Stat. 1617, 1624-25 (2009).  Subsection (h) formerly read:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment **by his or her employer** because of lawful acts done by the employee . . . shall be entitled to all relief necessary to make the employee whole.

(emphasis added).  FERA was enacted on May 20, 2009.  Section 4(f) of FERA provides:

> EFFECTIVE DATE AND APPLICATION.--The amendments made by this section shall take effect on the date of enactment of this Act and ***shall apply to conduct on or after the date of enactment***, except that-
>
> (1) subparagraph (B) of section 3729(a)(1) of title 31, United States Code, as added by subsection (a)(1), shall take effect as if enacted on June 7, 2008, and apply to all claims under the False Claims Act (31 U.S.C. 3729 *et seq*.) that are pending on or after that date; and (2) section 3731(b) of title 31, as amended by subsection (b); section 3733, of title 31, as amended by subsection (c); and section 3732 of title 31, as amended by subsection (e); shall apply to cases pending on the date of enactment.

Pub. L. No. 111-21, § 4(f), 123 Stat. at 1625 (emphasis added).

CIVIL NO. 09-1368 (JP)          -4-

individual capacity on the lack of guidance by the First Circuit Court of Appeals on the issue of whether individual liability exists in FCA retaliation claims, the Court acknowledged that persuasive authority had determined that individuals are not "employers" within the meaning of the statute.  See Orell v. UMass Memorial Medical Center, Inc., 203 F. Supp. 2d 52, 66 (D. Mass. 2002) (stating that while "there is no First Circuit case law addressing the issue of whether § 3730(h) imposes individual liability . . . other courts which have considered the issue have conclusively determined that such liability cannot be imposed").

Upon review, the Court has not found and Defendant Rivera has not pointed to any recent First Circuit case law in this area clarifying the issue.  However, in light of the inapplicability of the § 3730(h) 2009 amendment to the instant case and on the basis of the persuasive authority on this issue, the Court finds that Defendant Rivera is not an "employer" within the meaning of § 3730(h).   See e.g. United States v. Jamieson Science and Engineering, Inc., 322 F.3d 738, 740 (D.C. Cir. 2003) (finding "in the absence of explicit statutory language to the contrary" the Court will "infer that Congress intended 'employer' in § 3730(h) to have its ordinary, common law meaning").

CIVIL NO. 09-1368 (JP)            -5-

Accordingly, the Court hereby **DISMISSES** Plaintiff's FCA claim against Defendant Rivera in his individual capacity.  A separate judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of March, 2011.

                                    s/José Antonio Fusté
                                  JOSÉ ANTONIO FUSTÉ
                                CHIEF U.S. DISTRICT JUDGE